IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUMON MIAH | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-cv-3273-RAL |
| EXCEL BUSINESS ENTERPRISE, LLC. | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION[1]**

The defendant has filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Doc. No. 10. The plaintiff has filed a response. Doc. No. 11. Defendant contends that Count I of the First Amended Complaint fails to allege facts establishing a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Doc. No. 10-1 at 6. I agree. While the Complaint alleges that the defendant was an "employer" and the plaintiff an "employee" under the Act, more than that is required to establish liability under the Act. I will dismiss Count I without prejudice and grant leave to the plaintiff to file an amended complaint. The defendant also asks that the pendent state claims – Counts II and III – be dismissed, since the federal claim is dismissed. I will deny the motion with respect to Counts II and III, given that plaintiff has been granted leave to amend.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(c) permits a party to file a motion for judgment on the pleadings after the pleadings have been closed. Defendant had this case removed from the Court of Common Pleas of Montgomery County by Notice of Removal filed May 14, 2014, and filed an answer on July 3, 2014. Doc. Nos. 1, 2. The case proceeded to

---

[1] The parties have consented to my jurisdiction. Doc. No. 9.

arbitration. Doc. No. 4-7. Defendant won the arbitration. Doc. No. 10-1 at 1.

The standard governing a Rule 12(c) motion is the same as that under Rule 12(b)(6). *See Spruill v. Gillis,* 372 F.3d 218, 223 n. 2 (3d Cir. 2004). Well-pleaded factual allegations are accepted as true; such allegations are construed in the light most favorable to the nonmoving party. *See DiCarlo v. St. Mary Hosp.,* 530 F.3d 255, 262-63 (3d Cir. 2008). I must disregard any unsupported conclusory statements. *Id* at 263.

A plaintiff's obligation to state a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "does not need detailed factual allegations," but "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 556.

The Court of Appeals has made clear that after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, a complaint must set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), *quoting Iqbal*, 556 U.S. at 678. In *Fowler* the Court of Appeals set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal*:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard

> any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Id.* at 210-11, *quoting Iqbal*, 556 U.S. at 679. The Court explained that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (*citing Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'") *Iqbal*, 556 U.S. at 679, (*quoting* Fed. R. Civ. P. 8(a)(2)).

## II. Discussion

Under 29 U.S.C. § 207 ("Maximum Hours") an employer must pay time-and-a-half for more than 40 hours a week only if the employee is [1] "engaged in commerce or in the production of goods for commerce, or [2] is employed in an enterprise engaged in commerce or in the production of goods for commerce[.]" 29 U.S.C. § 207(a)(1). Alternatively, the obligation attaches if the employer is an "enterprise engaged in commerce or in the production of goods for commerce[.]" *Id.* An "enterprise engaged in commerce or in the production of goods for commerce" is defined in 29 U.S.C. § 203(s)(1) as one that has "employees engaged in commerce or in the production of goods for commerce, *or* that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," *and* "whose annual gross volume of sales made or business done is not less than $500,000" (emphasis supplied). 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Section 216(b) of the Act provides employees with a damages remedy against an employer who violates

3

section 207.

That a business is an "employer" under the Act, and the plaintiff is an "employee," is not enough to support liability. The employee either must be "engaged in commerce," or in "the production of goods for commerce," or the employer must be an "enterprise engaged in commerce or in the production of goods for commerce[.]" 29 U.S.C. § 207(a)(1). Facts showing these elements are not alleged in the Complaint, so the Complaint is insufficient, under *Twombly, Iqbal* and *Fowler*. Under the circumstances it seems appropriate to enter an order dismissing Count I of the Complaint without prejudice and permitting Plaintiff to file an amended Complaint within 14 days.

Defendant has also moved for judgment on Plaintiff's pendent state claims, based on the dismissal of the federal claim – Count I - that conferred federal jurisdiction in the first place. Doc. No. 10 at 5. The exercise of supplemental jurisdiction over state claims does not depend on the survival and success of a federal claim. Even if the federal claim is dismissed, a federal court has power to enter judgment on related state claims. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 728-29 (1966).[2] Where a federal claim is dismissed before trial the district court should ordinarily decline to decide the pendent state claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) (citations omitted). Where the federal claims proceed to trial, the same considerations normally counsel retention of jurisdiction "over state claims based on the same nucleus of operative facts unless the district court can point to some substantial countervailing consideration." *Id.*

---

[2] 28 U.S.C. § 1367 now controls supplemental jurisdiction, having superseded *Gibbs,* but section 1367(c), dealing with pendent state claims, codified the factors identified in *Gibbs. See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Given the fact that plaintiff is granted leave to amend, it would be both a waste of time and unfair to send the case back to state court at defendant's behest, especially where the case was removed to federal court by defendant in the first place. I will deny the defendant's motion with respect to Counts II and III.

### III. Conclusion

For the reasons stated, I will grant Defendant's motion for judgment as to Count I, without prejudice, and grant Plaintiff leave to file an amended complaint within 14 days. I will deny Defendant's motion for judgment as to Counts II and III, the pendent state claims.

    /s/ Richard A. Lloret\_
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE